UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEL ABDULAL, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　Defendants. | CASE NO.  C04-0370RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS IN LIMINE |

　　This matter comes before the Court on plaintiffs' Motions In Limine.  (Dkt. #51). Plaintiffs, Adel Abdulal and his wife Maria Lazhar, move this Court to limit or exclude 12 areas of evidence.  Defendants Jaimye Cordrey, Jane Doe Cordrey, Mastan Maniani and Bronco Transportation Systems, Inc., filed responses to the motions in limine.  (Dkts. #59 and #61). Defendant United States of America has filed a joinder in those responses, and requests that the Court deem those responses to be its own.  (Dkt. #62).  Accordingly, although the Court recognizes that defendants Jaimye Cordrey, Jane Doe Cordrey, Mastan Maniani and Bronco Transportation Systems, Inc. have since settled with the plaintiffs and will not be involved in any trial of this case, the Court will consider their responses to be those of the remaining defendant United States.

　　Having reviewed the motions, the responses to those motions, and the remainder of the

ORDER
PAGE – 1

record, the Court hereby ORDERS:

(1) Plaintiffs' Motions In Limine Numbers 3, 4, 5, 6, 7, 10 and 12 (Dkt. #51 at 2-6) are GRANTED. Defendants have stated either that they have no objection to these motions, or that they take no position on these motions. Accordingly, the evidence at issue in those motions shall be excluded or limited as requested by plaintiffs.

(2) Plaintiffs' Motion In Limine Number 1 (Dkt. #51 at 2) is DENIED. Plaintiffs have requested that this Court strike the testimony of defendants' expert Dr. James F. Green, on the basis that his identity and opinions were not timely disclosed. Plaintiffs' sole argument for this request is "[i]f this Court strikes the testimony of Dr. Brzusek, then Dr. Green's testimony should be stricken for the same reason." (Dkt. #51 at 2). The motion to strike the testimony of Dr. Brzusek is no longer before this Court. (*See* Dkt. #65). Moreover, plaintiff has provided no indication that he suffered any harm from receiving Dr. Green's expert report on July 22, 2005, as noted by defendants. (*See* Dkts. #59 at 2 and #61 at 1-3). Accordingly, the Court finds that plaintiff has provided no reason for this Court to strike the testimony of Dr. Green.

(3) Plaintiffs' Motion In Limine Number 2 (Dkt. #51 at 2) is DENIED. This motion fails to specify the testimony of a particular witness that plaintiffs seek to exclude. Instead, plaintiffs have moved to "bar the testimony of any witnesses not previously disclosed on the list of witnesses . . . " (Dkt. #51 at 2). Motions In Limine must be specific enough for the Court to determine the admissibility of certain evidence at trial. Broad objections are not sufficient. Accordingly, this Court denies plaintiffs' motion to exclude all witnesses not timely disclosed. However, nothing in this Order bars plaintiffs from making any specific objections on the record should that be appropriate during trial.

(4) Plaintiffs' Motion In Limine Number 8 (Dkt. #51 at 4) is DENIED. Plaintiffs have moved "to bar any evidence or reference to any prior motor vehicle accidents on the part of

ORDER
PAGE – 2

1    plaintiff as it [sic] irrelevant." (Dkt. #51 at 4). Plaintiffs provide no legal argument in support of

2    their motion. Defendants note that plaintiff Abdulal was involved in a motor vehicle accident

3    prior to the three accidents at issue in this case, and he sustained injuries in that accident. Under

4    Washington State law, evidence of a prior injury is admissible. *See Young v. Group Health*

5    *Cooperative of Puget Sound*, 85 Wn.2d 332, 340 (1975); *Vanderhoff v. Fitzgerald*, 72 Wn.2d

6    103, 107-08 (1967); *see also* Wash. Pattern Jury Instr. 15.01.01 (including the statement that

7    there may be more than one proximate cause of an injury). Accordingly, the Court denies

8    plaintiffs' request. However, nothing in this Order bars plaintiffs from making any specific

9    objections on the record should that be appropriate during trial.

10        (5) Plaintiffs' Motion In Limine Number 9 (Dkt. #51 at 5) is DENIED. Plaintiffs have

11   moved "to bar any evidence or reference to plaintiff's prior physical health unless (a) such

12   condition was symptomatic at the time of injury, or was (b) a latent preexisting condition that

13   was made active by the injury." (Dkt. #51 at 5). Again, plaintiffs provide no legal argument in

14   support of their motion. Defendants argue that they are entitled to an instruction both that

15   plaintiff Abdulal suffered from a preexisting physical and psychological condition, and that his

16   subsequent injuries were not proximately caused by the accidents in question. (Dkt. #59 at 5).

17   Defendants further argue that it is relevant for the jury to know that plaintiff had similar

18   problems prior to the accidents in question in this case. (Dkt. #61 at 4-5). Plaintiffs have failed

19   to demonstrate to the Court that evidence of prior physical and psychological health is not

20   relevant in this case. Accordingly, the Court denies plaintiffs' request. However, nothing in this

21   Order bars plaintiffs from making any specific objections on the record should that be

22   appropriate during trial.

23       (6) Plaintiffs' Motion In Limine Number 11 (Dkt. #51 at 5) is STRICKEN AS MOOT.

24   That motion applies specifically to the accident involving defendants Maniani and Bronco

25

26   ORDER
     PAGE – 3

1   Transportation Systems, who have since settled with plaintiffs.  Defendants Jaimye and Jane Doe

2   Cordrey took no position on the motion, and the Court can only assume that defendant United

3   States, by way of joinder in the response, would do the same.  Accordingly, the Court finds no

4   reason to further consider this motion in limine.

5       (7)  The Clerk is directed to send a copy of this Order to all counsel of record.

6

7       DATED this 22  day of November, 2005.

                                                RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 4